**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

CAMERINO ROSALES MENDOZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-133

Agency No.
A206-482-392

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023[**]
Seattle, Washington

Before: HAWKINS, CALLAHAN, and BRESS, Circuit Judges.

Camerino Rosales-Mendoza, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an order of an Immigration Judge (IJ) denying his applications for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252 and we deny the petition.[1]

1.  The Attorney General may cancel an alien's removal if, *inter alia*, it "would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."   8 U.S.C. § 1229b(b)(1)(D). However, we lack jurisdiction to consider the agency's discretionary denial of cancellation of removal absent a colorable legal or constitutional error.  *Id.* §§ 1252(a)(2)(B)(i), (a)(2)(D); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009).

In this case, and as the BIA recognized, the IJ misstated the record regarding the number of times Rosales-Mendoza's wife traveled to Mexico. Even treating Rosales-Mendoza's claim as asserting a colorable legal error, his challenge is ultimately without merit.  The BIA acknowledged the error but found it was harmless because the IJ's denial of cancellation of removal did not rest on the frequency of Rosales-Mendoza's wife's visits to Mexico.  In addition, the BIA conducted its own independent review of the record and concluded that Rosales-Mendoza's wife's claimed hardship did not rise to the required level.

---

[1] Before the BIA, Rosales-Mendoza did not meaningfully challenge the IJ's denial of asylum or withholding of removal, and the BIA deemed those claims waived.  Rosales-Mendoza also does not attempt to renew those claims in his petition for review.  Those claims are therefore waived. *Diego v. Sessions*, 857 F.3d 1005, 1015 n.4 (9th Cir. 2017) (issues not raised in opening brief are waived).

For these reasons, Rosales-Mendoza has not demonstrated legal error in the denial of his application for cancellation of removal. And to the extent Rosales-Mendoza asks us to reweigh the facts and reach a different conclusion on his wife's anticipated hardship, we lack jurisdiction to do so. *Patel v. Garland*, 142 S. Ct. 1614, 1622–23 (2022).

2. We review the BIA's denial of CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). Under this standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). An alien seeking relief under the CAT must establish that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). "[G]eneralized evidence of violence and crime in Mexico [that] is not particular to Petitioner[] . . . is insufficient to meet this standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Here, substantial evidence supports the BIA's conclusion that, even assuming that Rosales-Mendoza's brother-in-law was tortured and his friend's daughter kidnapped, Rosales-Mendoza has not shown how those events create a particularized threat of torture as to Rosales-Mendoza. This evidence, and the record as a whole, does not compel the opposite conclusion. Nor does the record support Rosales-Mendoza's contention that the BIA failed to consider material, probative evidence. *See Villegas Sanchez v. Garland*, 990 F.3d 1173,

3

1183 (9th Cir. 2021) (noting that "the agency need not discuss each piece of evidence submitted" (citation omitted)).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Dkt No. 4) is otherwise denied as moot.